HON. K.L. BOISSEY Town Justice, Dannemora
This is in response to your letter dated January 10, 1977 requesting an opinion of the Attorney General as to whether any conflict of interest exists between the position of commissioner of jurors of a county and the office of village justice.
Village Law, § 3-301(3) provides that a village justice is an elective village office. As an elected village officer, the village justice is prohibited by Village Law, § 3-300(3) from simultaneously holding an elective village office and an appointive village office. However, we find no statutory prohibition against a person simultaneously holding an elective village office and an appointive county office.
Pursuant to Judiciary Law, § 653 the county jury board appoints the county commissioner of jurors. Judiciary Law, § 657 enumerates the duties and powers of the commissioner of jurors, and Judiciary Law, § 657(5) provides as follows:
 "* * * In accordance with the law and the rules adopted pursuant thereto, each commissioner shall
* * *
 "(5) furnish to each clerk, and where there is no clerk, to the justice of any court not of record, or any city or municipal court of record, on or before the thirty-first day of December, or such other date as may be prescribed by rule of the justices of the appellate division for the use of all these inferior courts during the ensuing twelve months, a list of names of qualified jurors resident in the city or town, or a sealed box or other device containing ballots of the names of the qualified trial jurors resident in the city or town, together with a list alphabetically arranged of the names in the box or other device so furnished."
The commissioner of jurors possesses the general power and duty to prepare a list of qualified jurors residing in a town, and this list of qualified jurors is delivered to the village justice for use in the following year. The preparation of the list of jurors in no way limits or restricts the power of a village justice to excuse a potential juror at a trial (Judiciary Law, § 657).
We are unable to find any statutory provision which would prohibit the simultaneous holding of both offices by one person. However, an incompatibility in the holding of two offices may also exist under the common law. In the case of People ex rel. Ryan v. Green, 58 N.Y. 295, the Court of Appeals stated in part:
 "Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to tbe other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of one, toward the incumbent of the other. * * * The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law."
It does not appear that the respective duties and functions of a village justice and a county commissioner of jurors are of such a nature that an inconsistency or incompatibility exists between the two offices. The two positions are not subordinate to one another, and one office does not oversee or review the actions of the other office. In a previous opinion (1966 Atty. Gen. [Inf.] 176) we concluded that the office of elected justice of the peace and commissioner of jurors were compatible. We find no substantial difference in the facts presented here.
Based upon all of the foregoing, we conclude that the office of village justice and county commissioner of jurors are compatible and may be held simultaneously by the same person.